May it please the Court, Chris Haddock appearing for Dennis O'Brien the appellant. If you boil the party's arguments in this case down to their essence, what we have are two very different readings of section 1115. On page 22 of the blue brief, you argue that, quote, questions about the constitutionality of language in a statute create their own ambiguity. Do you agree that aside from your constitutionality argument, the statute is plain and clear? I do not agree that it's plain and clear. There are parts of it that are plain and clear that are parts that are not. Let me explain what I mean by that. What the Secretary is saying about 1115 is they are saying that in order to decide for this statute that gives additional compensation for dependents, they're saying bring in the whole definition of 10148 to understand what child means in 1115. Our argument is saying not to do that. What we're saying is that in a statute that says additional compensation for veterans with children, we're saying bring in the part of the definition from child in 1014 that is the dependency prong. That's the interpretation that's consistent with what this Court said in Sukuk. In Sukuk. So you're saying that the definition of child shouldn't apply in 1115? Not completely. What we're saying is that there's a very specific reason that we can look to understand why to the Sukuk decision. And in that decision, this Court looked at the word dependent parent and it said Congress brought in the word dependent to limit the definition of parent in 1015. Same thing is happening here. Congress explicitly used the word dependent in 1115 to give us some understanding of the word child in 1014A and specifically to limit it. That's consistent with what the Court is saying in Sukuk because in Sukuk what the Court was saying is that the adult, the dependency of the child is implicit. If you limit the term child from the definition section, okay, how are you expanding it? We're not expanding. We're not asking the Court to expand. And to the extent that my briefs suggest that, I apologize for any lack of clarity that my structure brought there. The bottom line result is you're expanding it. We're asking, actually from our perspective, Your Honor, respectfully, we're asking the Court to limit the definition of child to the specific dependency prong, to say that the family relationship prong, that associated group of family relationships are irrelevant. Are you saying that any child under the statute that is not dependent is not a child under the statute? Any child that is not dependent under the statute? No, what we're saying is that any child that meets those, that is not married, that is under the age of 18, incapable of support by the age of 18, or between 18 and 23 and in college, is implicitly, as this Court found in Sukuk, a dependent child. And because that's implicit in the definition of child, Congress had to mean something when they added explicitly into 1115. If it's implicit in child, they must have meant something by explicitly adding it. Either that or they're adding the word dependent. I don't understand what you're talking about. I mean, you look at, are you saying that 1014 is not applicable or somehow dependent alters the definition of 1014? No, we're saying that there's two prongs to the definition of child in 1014. Yeah, the problem is the child here doesn't come within 1014 because he is not a legitimate child of the veteran, a legally adopted child, or a stepchild who's a child of the veteran, right? If this Court uses that family relationship grouping to define child? Why not? That's in the definition of child in 1014. 1115, it would require this Court to read out the word dependent that appears explicitly in 1115. Well, what I said to you, I was trying to say, was you want us to read out the word child? I don't, Your Honor. I want you to say that the word dependent in 1115 modifies the word child in the same way that dependent modified parent in 5121A in Sukik. Otherwise, there's no point for the Congress to have put in dependent into 1115 because it's implied in children. It's a limitation. Dependent is a limitation, yes, on children. And we're saying when you're deciding for the purposes of 1115 what a child is, Congress's use of the word dependent is saying we're limiting you to the dependency prong of the definition of child. We don't get into the family relationship. It's irrelevant. And it was irrelevant to this court in Sukik. Sukik, this court came in. Okay, so Fred down the street is a child. If not the veterans, no relation to the veteran, but a child. If they fall in the definition of dependent. If Fred down the street is under the age of 18 and unmarried, he would meet the definition of child in 1014A, the child dependency prong. He would not, however, be a dependent. There's a dependency prong in 1014A. Is that, we get that reason. There's no dependency prong in 101 describing child. It's the definition of child. That's what we start with. And then we go to, and then we go to 1115, and it may be, yes, that every child in 1014 is going to meet, be a dependent, because that's just the nature of children, although I could see circumstances where it's not, where there may be a divorce or the like, and the child is in the custody of a different parent and is not dependent on the veteran. I mean, in those cases, you know, they might be a child, but they're still not dependent. I just don't understand how you're saying you can meet the definition of 1014 without meeting the definition of 1014. We're not saying it like that, respectfully, Your Honor. What we're saying is that you can't, there's two prongs, is what we're, the initial premise of our argument is that there's two prongs to child in 104A, 1014A. And we know the first prong comes in Sukik. Sukik, this court said. Can you just talk about the statute? Don't talk about that case. Sure, sure. In the first prong of the 1014A says unmarried, and then Romanettes one through three, under the age of 18, incapable of support by the age of 18, and 18 to 23 in college. Sure. That's the first prong. The child here meets that. Meets that prong. And the second prong. Second prong is family relationships. A close grouping of family relationships. And he doesn't meet that. We're saying that that prong does not even come into 1115. And we're saying that by looking at 1115. But Fred down the street goes to college. If Fred down the street. That doesn't have any relation to the veteran. If he's not dependent. If he's not a dependent child, then the veteran can't get compensation. But your case is for reading that second prong out. I mean, we don't read. We're supposed to read all parts of the statute. Where does it say in 1115 that you only look to the first part of the definition for child, not the second part in 1115? If you read both parts of 1014A into 1115, you're ignoring the fact that Congress specifically used the word dependent in 1115. That has to mean something because it's implicit in the definition of child. We know. Yes, but they're using the word dependent above in the general section that describes a whole bunch of categories. And some of those people are not inherently dependent, like spouses or parents. And so it makes sense that they're using the word dependent to modify this entire class. It may be that every child that meets the definition of 1014 is dependent, but that doesn't mean we should read out part of 1014, does it? I mean, look, I am sympathetic to you. I think that it makes no sense to have a policy that limits compensation in this matter to give it for adopted grandchildren and not dependent unadopted grandchildren. That makes no sense whatsoever, particularly given the state of the country where grandchildren are caring for their grandkids all over the place. But this is Congress's problem, isn't it? I don't think it is. And let me point out one thing, Your Honor, in terms of- I mean, it's just a bizarre way to do statutory construction to think that- I mean, isn't there a canon that basically says, when you're reading statutes together, you should presume that Congress intended for them to work together and that they didn't intend to implicitly repeal part of one? I think that is exactly the canon we're relying on. And we can look to the- But your argument is against that canon. Because your argument is, by use of the word dependent, it directed the VA to ignore the second part of 1014. In 1115- I mean, that just is not proper statutory construction, is it? In 1115, Your Honor, we talk about additional compensation to dependents. And then we step down, and it says to parents dependent on the veteran for support. That suggests it's used- Congress has used that word twice. So either they used it one time redundantly or superfluously, or they meant something specific. And both parent and child, what they both have in common in this regard, is both of them, in their definitions in 1014a, both have a family relationship component. Parent has it. Child has it. And the extra use of dependent- now, the Court doesn't have to agree with me on this. Can I get a word in just before the argument's over? How does a grandchild get into this statute? Statute's talking about- I'm talking about 1115 as a children. Talks about- But as it doesn't say have a grandchild. It says children. And there's a difference between children and grandchildren. So I didn't understand in the beginning how a grandchild got into this mix at all. Because in our- from our perspective, Your Honor, 1115 talks about a dependent child. Talks about a dependent child. We're talking about adding a grandchild, a great grandchild, a cousin, a nephew, number of people. If they're dependent upon the veteran for support, yes, we are. And that would include Fred down the street. If he's dependent on the veteran for support, he meets that definition, the prong of 1014a that goes to dependency. Now, the Court doesn't have to- We know in this statute, Congress drew some limits. For example, not all stepchildren qualify, right? In their listing of family relationships. So they were excluding a class of stepchildren who are not members of the household. And that's ultimately the problem with using- So they're excluding grandchildren and they're excluding lots of the people down the street. That's the problem with using the family relationship prong. To me, your real argument, which you haven't presented in this case, is an as-applied equal protection challenge to this statute. I think we do raise that argument in our briefs, Ron. I think we argue that by using the- You didn't make that argument below. We asked the Court, we made that argument- You made a vague argument about family relations. And we asked the Court to avoid getting into that by applying the constitutional avoidance doctrine. Asking them to avoid constitution is not waiving the argument. I didn't say you pressed the argument. Even if we didn't press the argument, and I think we did, we asked the Court to avoid it. But even if we didn't press it and the Court considers that to be some sort of waiver, the actual equal protection violation appears in the Veterans Court's decision itself. Because what it does is it looks at that family relationship and it divides it down the middle. And that's why- Judge Hughes's point is that what is the rational distinction between an adoptive parent and the other parent? There is no rational distinction between it. Because what you, myself, every person in this room has a fundamental right to define the makeup of our family. And defining the fundamental makeup of our family says, I can say I can raise my minor brother as my dependent. I'm a disabled veteran and I can bring my minor brother- The statute didn't stop the proceedings here in the state court to take responsibility for the child. No, it didn't. But what it's doing is it's limiting the veteran's ability to get federal additional dependency compensation. It's saying some family relationships are good, other family relationships are bad. Now, Congress draws a line. They can draw a line through the fundamental right if it's- That's true for all compensation systems where you have to meet certain criteria. And even this one, it seems like your argument could also go further than that. And basically, anybody that lives with these people and is supported by them should get dependency compensation. But why isn't, and this is a not, this is a, I don't understand why you think this is some kind of strict scrutiny thing. This is a rational basis test, isn't it? And isn't it rational for Congress to say, even as a policy matter, I don't think it makes any sense, isn't it rational for them to say, we are gonna limit it to children, dependent parents, and people who have a legal relationship in terms of an adoption rather than just anybody living in the household and dependent upon them for income? If I have a fundamental right to associate with the family members of my choosing, if Congress is going to draw a line and say that my choice is bad and your choice is good, then it has to have a compelling interest and the line must be the least restrictive means to achieve that compelling government interest. I see that I'm in my rebuttal time and unless there are further questions, I'd like to reserve the balance of my time. You can do that. This is a Tennessee Williams exception. I don't always respond to that. Let us hear from the government. Can you address the constitutional issue? I mean, there is a lot of cases that suggest that you can't, in some circumstances, condition benefits on family relationships and I'm a little confused as to how those apply in this context. Well, your honor, the constitutional issue is not being correctly understood by the appellant. There is a distinction in these cases between the Supreme Court has upheld numerous benefits programs, welfare programs, Social Security Act. The Supreme Court has upheld these programs over and over again that draw lines between different family classifications, the amount of children, divorced women, undivorced women. The Supreme Court has always upheld those on a rational basis ground, saying it's Congress's position to draw lines in between different categories of needy people, even if those lines do result in some inequality or are not specifically being precise enough. There is also different cases that are being cited here that are very factually distinct, such as cases that struck, Supreme Court cases that struck down laws changing who can enter into these relationships in the first place. For example, in Zablocki v. Red Hail, that was a statute, a state law that prevented someone from getting married if they had unpaid child support payments. There's also one involving pregnant women who were being forced to take leave and thus were being penalized for having children. So in another case more, it was preventing people from living together. A woman was actually put in jail for living with her grandsons. And there was a very large factual distinction there. As your honors noted, DB and Mr. O'Brien were not being prevented from being guardian and warding each other. The VA has no interest in Illinois adoption law. He has entered into and maintained that relationship. What is going on here is that he does not qualify for certain additional supplementary benefits because the way the definition of child has been created. And that is not unconstitutional. It is a rational basis. There's certainly a rational basis for limiting the amount of dependence from anyone who might be living with the veteran and be financially dependent to certain members of the immediate family. Nor within the state law bounds, does the VA have any interest in saying that you can't adopt anyone you want to? No, your honor. Mr. O'Brien had the full choice under state law as to how best to care for DB. Where this has come in is that the option that was chosen of guardianship does not meet this definition of child in Title 38. That is not forcing him to do anything. But at some point a statutory classification on limitation on which types of children can get benefits would be a constitutional problem, wouldn't it? I mean, if you had a statute that said, you know, you can get benefits if you adopt a white kid but not a black kid, there would be a problem. Yes, that's correct, your honor. If the statute was making a suspect classification, which obviously it's not, that would be unconstitutional. We don't dispute that if it said only white adopted children get benefits, that that would be a problem. But obviously that's a different factual situation. There's no fundamental right to obtain benefits regardless of the classification that Congress had drawn. So to the extent that he's arguing it's impinging on his right to limit, create his family however he wants, that's not factually what's happening based on these Supreme Court cases I discussed. There is a distinction. But if you ask the question, why did the Congress decide to have a benefit for an adopted child? Then you run through your mind. You say, well, the person that adopts the child has the same responsibilities as if it were the natural child and you're gonna give the natural child the benefit. So then you say, okay, that's the rationale for the adopted child. Then you say, well, what's the rationale for excluding a legal guardian if the legal guardian has exactly the same responsibilities towards the child that he would if it were adopted? The question is not whether in each specific factual circumstance for each person we could find a rational basis for that. It's whether the classification as a whole has any reason to, any reasonable grasp we found to support it. There has to be a reason for the classification? There has to be a rational basis for the classification, but the Supreme Court has never required Congress to specifically explain in each factual circumstance why it would apply. Sure, but you still gotta answer the question why this is not just a specific factual circumstance. What's the rational basis for distinguishing between adoptive parents on the one hand and legal guardians on the other? The rational basis is that to narrow the basis in order to preserve the government resources, the public fist, that certain kinds, that these immediate family relationships, the parent-child relationship are different than a relationship with a child who has other relations that are not directly biologically or legally a parent-child relationship. And state law governing guardianship may differ in its requirements from state law involving parenting. That is true, correct, that? Yes, it is. There's a distinction between children who presumably have other relations to take care of them, even though in this factual circumstance, I mean, children have other parents to take care of them, even in this factual circumstance, that's not the case, versus a legal parent-child relationship. Is it not true that under state law, a bank may be a legal guardian for certain purposes? I don't have any specific knowledge of that, but I don't doubt that there could be also fostering situations, orphanages, different situations where it's not a direct parent-child care aspect. So if I've addressed the... Do you view Mr. O'Brien to have preserved a, as applied, equal protection challenge to the definition of child? No, we don't, Your Honor, and I was going to bring that up although we directly went into the direct constitutional issue, but below with the Veterans Court, he raised certain objections based on constitutional grounds but then was using them for a statutory interpretation purpose to argue that the Veterans Court should choose his interpretation of defendant. The Veterans Court never ruled on the actual constitutionality because he didn't ask for it. Your brief to the Veterans Court actually fleshed out the, as applied, equal protection argument. The Secretary did, below before the Veterans Court, did address those arguments, obviously not wanting to leave this issue unaddressed, but he was raising them for... Isn't that sufficient to keep the argument in the case? Our position is that the argument was being raised for a statutory interpretation purpose and the Veterans Court ruled on those statutory interpretation grounds, finding it unambiguous. But I mean, he was arguing that to say, you've got to interpret it this way, otherwise the statute's unconstitutional. I believe he declined to ask for it to be declared unconstitutional specifically and the Veterans Court decided not to go into that. But it's implicitly raised, isn't it? I mean, is this a waiver issue or is this a jurisdictional issue? It's, at base, it's a statutory interpretation issue because... That's not what I asked. I'm sorry. I'm asking about whether we can hear it or not. And is it the government's position that we shouldn't hear it because they waived it by not sufficiently raising it below, even though you clearly got the opportunity to respond? Or do you think it's a jurisdictional issue in the unique jurisdictional statute we have here that we can only have jurisdiction over questions decided by the Veterans Court? It's our position that we're not challenging the jurisdiction of this court to address the Veterans Court's statutory interpretation decision. We do believe... That's not answering my question. We do believe the constitutional issue has to wait. Do we have jurisdiction to consider the constitutional question? Because a waiver is not mandatory. I mean, we can disregard a waiver if we want. Do we have jurisdiction or is it a waiver issue? Our position is that Mr. O'Brien has waived the constitutional question. Jurisdictionally, the Veterans Court can... I mean, jurisdictionally, this court can address constitutional issues, but if the argument hasn't been raised below... We can't address a constitutional issue that didn't form the basis of the decision by the Veterans Court. I think that's the question that's being asked by my colleague. I'm sorry, do you repeat that? On the jurisdictional side, I mean, is our jurisdiction restricted by the issues that are actually decided by the Veterans Court? Under this court's jurisdictional statute, I don't believe that the court would have jurisdiction to insert new issues that were not the basis of the Veterans Court decision. However, if the Veterans... The facial reading of the Veterans Court decision is, by the majority at least, is that a constitutional argument wasn't presented to us. That's correct. What we were presented with was a hypothetical constitutional argument that was being presented to us to say you should interpret the statute in a particular way to avoid the constitutional problem. It was a straw person, I know that. Yes, so with that in mind, that's our position why Mr. O'Brien has waived it. Now, if the Veterans Court had ruled and said this is unconstitutional, we think that this court would have jurisdiction to address that per its statute. But if that question hasn't been raised, then there's no reason to rule on that. That's the purpose of the waiver cases, to avoid having to address these issues that aren't part of the decisions of the Veterans Court. So to conclude, to address what Mr. O'Brien's counsel was indicating, there is no dependency prong in section 101. It's all one definition. There isn't any sort of distinction between the different elements of the definition that suggests some of them can be used in different circumstances and not others. And to follow that would really disturb the court's holding in Sutich, because Sutich held the definition applies unambiguously to portions of Title 38 with exceptions that aren't relevant in either case. There's nothing in Sutich that counsels reading out parts of the definition of 101. In fact, that's the exact opposite of the court's holding. So therefore, DB does not qualify as dependent child. The meaning of child is under 1115. The meaning is limited to what's in section 101, and this court should affirm. If there's no further questions, I'll conclude. Thank you. At Appendix 73, in the response brief at the court below, the government said, appellant presents a constitutional challenge, and this is a direct quote, on section 115 on an as-applied basis, asserting he is excluded from receiving benefits that he is otherwise eligible for because he chooses to structure his family in a non-nuclear way. The government understood below that we were making an equal protection argument        this is a non-nuclear case, this is a non-nuclear case, this is a non-nuclear case, and to say that we waived it is not logically consistent. What's the next paragraph saying? Appellant has failed to articulate the relevant standard review by failing to identify which constitutional amendment is violated. And to the extent that we did that, Your Honor, then the Veterans Court's decision, which addresses and makes an issue on a constitutional basis, the error, the constitutional error in the Veterans Court decision is what this court can review. And so we would ask the court to consider not applying the waiver doctrine and considering that argument. I don't think that the court needs to get to it because even if this court finds that both prongs come in and even if this court applies rational basis, there's no rational basis for the government to say Congress has given us a pool of money for additional dependents and we're going to conserve those resources by not giving it to a veteran that has additional dependents. There's no rational basis in that whatsoever. We ask that the court find that Mr. O'Brien's minor child is a dependent for the purpose of additional dependency compensation. Thank you, counsel. I'm going to stand for a minute.